IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Penny R. Hartle, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20111057-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 1, 2012) |
| Donald M. Hartle, | ) | |
| | ) | 2012 UT App 312 |
| Respondent and Appellant. | ) | |

-----

Fifth District, St. George Department, 104500867
The Honorable G. Rand Beacham

Attorneys:     Brent M. Brindley, St. George, for Appellant
               Penny R. Hartle, Hurricane, Appellee Pro Se

-----

Before Judges Orme, Davis, and Voros.

¶1     Donald M. Hartle (Husband) appeals the divorce decree and supporting findings and conclusions entered in November 2011. More specifically, he challenges the trial court's enforcement of a settlement agreement between him and Penny R. Hartle (Wife) that was incorporated into the decree. We affirm.

¶2     Husband first asserts that the trial court erred in finding that the settlement agreement was valid because there was no meeting of the minds. Whether the parties had a meeting of the minds sufficient to form a contract is an issue of fact reviewed for clear error. *See Terry v. Bacon,* 2011 UT App 432, ¶ 11, 269 P.3d 188. When challenging an issue of fact, "an appellant must first marshal all the evidence in support of the finding and then demonstrate that the evidence is legally insufficient to support the finding even when viewing it in a light most favorable to the [trial] court." *Grgich v. Grgich*, 2011 UT App 214, ¶ 13, 262 P.3d 418 (citation and internal quotation marks omitted). Additionally, this court will not disturb credibility determinations of the trial court. *See id.* ¶ 14.

¶3      Husband has failed to marshal the evidence in support of the court's finding that the agreement was valid. In marshaling the evidence, appellants "cannot merely present carefully selected facts and excerpts from the record in support of their position." *Id.* (citation omitted). Rather, an appellant must present the evidence in the light most favorable to the trial court. *See id.* Husband has not even attempted to meet this burden. On the contrary, he merely asserts facts based on his own testimony, wholly failing to present the evidence that the trial court found persuasive. Given Husband's failure to marshal the evidence and the actual supporting facts in the record, the trial court did not err in finding the settlement agreement valid.

¶4      Husband next argues that the agreement is unenforceable because it is unconscionable. Whether a settlement agreement is unconscionable is a mixed question of fact and law. *See Terry*, 2011 UT App 432, ¶ 12. "A trial court's determination of the law is reviewed for correctness, while its findings of fact are reviewed for clear error." *Id.* (citation and internal quotation marks omitted). Here, given the facts found by the trial court, the agreement is not unconscionable. The agreement provided for the return of a significant portion of Wife's substantial contribution to the purchase of the marital home, which Husband retained. Wife's income during the marriage was used to invest in real estate pursuant to the parties' agreement early in the marriage. The real estate was intended as an alternative to Wife contributing to her own retirement account. Additionally, Wife agreed to forgo alimony based on the return of her financial contribution. Given the circumstances of the agreement, the waiver of alimony, and the current income of the parties, the agreement does not "shock the conscience." *See id.*

¶5      Finally, Husband asserts that he was denied due process because Wife raised the existence of underlying oral agreements at the hearing regarding her motion to enforce the settlement agreement. "Parties to a judicial proceeding are entitled to notice 'that a particular issue is being considered by a court' and must be given 'an opportunity to present evidence and argument on that issue before decision.'" *In re K.M.*, 965 P.2d 576, 579 (Utah Ct. App. 1998) (citation omitted). A party "must be given a reasonable opportunity to know the claims of the opposing party." *Id.* "[W]here notice is ambiguous or inadequate to inform a party of the nature of the proceedings against him . . . a party is deprived of due process." *Id.* (alteration in original) (citation and internal quotation marks omitted).

¶6      The nature of the proceeding before the trial court was a hearing on Wife's motion to enforce the settlement agreement. Husband had ample notice that this was before the court. Husband did not object to the hearing, understood that testimony

would be required, and, indeed, took the opportunity to testify himself and cross-examine Wife. He received notice and the opportunity to present evidence.

¶7 Husband's contention is that he lacked notice of subsidiary facts to which Wife testified. Those facts do not constitute a separate "claim" before the court but rather constitute evidence to support a claim; the issue was whether the settlement agreement was valid and enforceable. Furthermore, Husband had notice of the gist of Wife's testimony. In Wife's reply memorandum in support of her motion, she asserted that the parties had negotiated this settlement agreement prior to the date of signing. The memorandum also stated,

> The home represented a significant investment that was acquired through proceeds from sale of other properties that had primarily been financed through [Wife's] income over the years with an eye toward building some retirement security. The dollar figure agreed to was $200,000 for [Wife] based upon her contribution to the purchase of the home and the ensuing improvements to the property.

Accordingly, as a matter of fact and law, Husband's assertion that he did not receive due process fails.

¶8 Affirmed.

_____
Gregory K. Orme, Judge


_____
James Z. Davis, Judge


_____
J. Frederic Voros Jr., Judge